## CARTER et al. v. MUNZESHEIMER et al. (No. 7286.)

Court of Civil Appeals of Texas. Austin.
Nov. 14, 1928.

Rehearing Denied Dec. 12, 1928.

Renfro, Ledbetter & McCombs, of Dallas, for appellants.

Ross M. Scott, of Dallas, for appellees.

BLAIR, J. Appellee sued appellants in trespass to try title for the recovery of lot 20, block R, Webster and Woods North Park addition to the city of Dallas, and recovered judgment as prayed.

Appellee purchased at a public sale of the property for taxes due the city of Dallas. His deed recites that the purchase price was paid by him to the officer making the sale, but the officer's return recites the property was struck off to appellee "for the sum of five dollars, that being the highest secure bid for the same; and the said—no money—turned over to me." On a former appeal, the Court of Civil Appeals at Texarkana reversed and remanded the case in order that appellee might prove by extrinsic evidence the intended meaning of the words used in the officer's return, or to show that the purchase price had been paid so that the officer's return would be consistent with the recitations of the deed in that respect. See Carter v. Munzesheimer (Tex. Civ. App.) 272 S. W. 277, for a full statement of the case.

On this trial, the officer who made the sale testified that he did not know what he meant by the words used in the return, and did not remember whether the money was paid to him. Appellee's attorney who bid the property in for him testified that he paid the officer the purchase price when he obtained the deed. Appellee testified that he furnished the money with which to purchase the property, and that he received the deed and had paid all taxes due on the property up to the time of trial. This evidence shows that, if the words "no money turned over to me" were used in the officer's return to show that he had not been paid the purchase price, they were erroneously used, and that the purchase price of the land was actually paid as recited in the deed. Therefore appellant's sole contention on this appeal that it does not do so is overruled, and the judgment is affirmed.

Affirmed.